IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY J. HARDY,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

Case No. 6:13-cv-02287-TC
FINDINGS AND RECOMMENDATION

COFFIN, United States Magistrate Judge:

    Plaintiff Timothy J. Hardy brings this action pursuant to 42 U.S.C. §§ 405(g) and 1382(c) of the Social Security Act (Act) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner denied plaintiff's applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) under the Act. For the reasons set forth below, the Commissioner's decision should be affirmed and this case should be dismissed.

1 - FINDINGS AND RECOMMENDATION

## PROCEDURAL BACKGROUND

On October 13, 2009, plaintiff applied for DIB and for SSI. Tr. 144-147, 151-153. His applications were denied initially on February 12, 2010 (Tr. 74, 79) and again upon reconsideration on June 23, 2010. Tr. 85, 89. On February 29, 2012, a hearing was held before an Administrative Law Judge (ALJ), wherein a postponement was granted until plaintiff was able to undergo a psychological consultative examination. Tr. 65-66. On July 17, 2012, a supplemental hearing was held after plaintiff underwent a psychological evaluation. Tr. 32. A vocational expert (VE) also testified. Id. On August 13, 2012, the ALJ issued a decision finding plaintiff not disabled. Tr. 9-22. On October 30, 2013, the Appeals Council denied plaintiff's request for review. Tr. 1-4. Subsequently, plaintiff filed a complaint in this Court.

## STATEMENT OF FACTS

Born on February 1, 1970, plaintiff was 37 years old on the alleged onset date of disability. Tr. 144. Plaintiff has obtained his GED. Tr. 598. His past employment includes work as a cook helper, dishwasher, warehouse worker, fast-food worker, and lot boy. Tr. 20-21, 34-41, 56, 188-90, 204-11. Plaintiff alleges disability as of May 15, 2007, based on lumbar degenerative disc disease, anxiety, depression, bilateral inguinal hernias, TMJ syndrome, obstructive sleep apnea with periodic limb movements, and obesity. Tr. 11.

2 - FINDINGS AND RECOMMENDATION

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## THE ALJ'S FINDINGS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v.

3 - FINDINGS AND RECOMMENDATION

Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one of the five step sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 9, 11. At step two, the ALJ determined plaintiff had the following severe impairments: lumbar degenerative disc disease, bilateral inguinal hernia, temporomandibular joint syndrome (TMJ), obstructive sleep apnea with periodic limb movements, obesity, anxiety and depression. Tr. 11-12.

At step three, the ALJ found that plaintiff's impairments did not meet or medically equal the requirements of a listed impairment. Tr. 12-13. Because plaintiff was not presumptively disabled at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some limitations:

> He cannot climb ladders, rope or scaffolds. He must avoid all exposure to workplace hazards, such as unprotected heights or large, dangerous moving machinery. He is able to understand, remember and carry out simple instructions and such instructions should be learnable in 30 days or less. He cannot engage in public contact and although he is able to engage in occasional coworker contact, he cannot perform teamwork assignments.

Tr. 14.

At step four, the ALJ found that plaintiff was unable to perform past relevant work. Tr. 20-21. At step five, the ALJ

4 - FINDINGS AND RECOMMENDATION

determined that jobs existed in significant numbers in the national and local economy that plaintiff could perform despite his impairments, such as bench assembler, garment sorter, and fastener/sewing machine operator. Tr. 21-22. As such, the ALJ concluded that plaintiff was not disabled under the Act. Tr. 22.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) failing to find plaintiff's statements credible concerning the nature and severity of his mental health issues; (2) rejecting the opinions of Cynthia Palman, M.D. and Alison Prescott, Ph.D.; and (3) failing to find that plaintiff's mental impairments meet or medically equal the criteria of listing 12.03 in 20 C.F.R. Part 404, Subpart P, Appendix 1.

I.   <u>Plaintiff's Credibility</u>

Plaintiff contends that the ALJ failed to articulate clear and convincing reasons, supported by substantial evidence, for rejecting his subjective symptom statements concerning the extent and severity of his mental impairments. An ALJ may consider many factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of

5 - FINDINGS AND RECOMMENDATION

treatment; and (3) the claimant's daily activities." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

In this case, the ALJ rejected plaintiff's statements because they were not credible and inconsistent with the medical evidence in the record. Tr. 19. Unless there is affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

The record supports the ALJ's credibility findings. First, the ALJ rejected plaintiff's statements because he had self-diagnosed himself with schizophrenia even though he had no psychiatric evaluation or diagnosis until after he applied for disability. In

fact, plaintiff first reported schizophrenia and panic attacks during his psychiatric examination with Dr. Palman in February 2012, over five years after plaintiff's alleged onset disability date. Tr. 16, 19, 594-96. However, as noted by the ALJ, "no acceptable medical source had made such a diagnosis." Tr. 19. The ALJ additionally emphasized that, "Dr. Palman relied on Mr. Hardy's self-report of the schizophrenia diagnosis without making any examination of the underlying source of the diagnosis...." Id. Thus, the ALJ found plaintiff's statements to be unreliable because he primarily relied upon his subjective mental health diagnosis to support his claim for disability. Tr. 20.

Second, the ALJ rejected plaintiff's statements because the medical record contradicted statements that plaintiff reported to different medical professionals. Inconsistencies throughout the record support the ALJ's finding. For example, as noted above, plaintiff reported to Dr. Palman that he had been diagnosed with schizophrenia, when in fact he had no such acceptable medical diagnosis. Tr. 19. During his first meeting with his assigned counselor Nancy Stevenson, LCSW, in June 2011, he reported to her that he had lifelong problems with his mental health including hallucinations, paranoia, and delusions. Tr. 16, 507-13. However, Ms. Stevenson reported plaintiff to be calm and did not find any evidence of psychosis. Tr. 16, 587.

Further, prior to 2011, plaintiff's medical providers recorded

7 - FINDINGS AND RECOMMENDATION

that plaintiff did not display or report symptoms of depression, anxiety, paranoia or delusional behavior. See, e.g., Tr. 338, 340, 352, 353, 356, 359, 364-65, 368, 369, 374, 376, 377-78, 423. In May 2011, Chelsea Sloanes, PA-C, noted that plaintiff had depression and anxiety, but she did not report paranoia or hallucinations. Tr. 476. In February and March 2012, Orestes Guitierrez, D.O., reported that plaintiff appeared alert with normal eye contact and a pleasant mood. Tr. 636, 644. In May 2012, Lana Gee-Gott, M.D. assessed plaintiff with an anxiety disorder NOS (not otherwise specified) and made no other diagnoses. Tr. 634. In July 2012, the plaintiff was evaluated by Dr. Palman, and she reported that plaintiff was doing well on his medication and was able to recognize his symptoms of psychoses and avoid acting on them. Tr. 19. Based on this evidence, the ALJ found that no longitudinal record supporting plaintiff's allegations of delusions, paranoia and hallucinations, and thus found his testimony on the matter to be incredible. As outlined above, the record supports this conclusion. Tr. 19.

After reviewing the medical record as a whole regarding plaintiff's symptoms and diagnoses, the ALJ did not err in finding sufficient contradiction between the objective medical record and plaintiff's subjective statements regarding his symptoms and diagnoses. Tr. 19. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective

8 - FINDINGS AND RECOMMENDATION

testimony." <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ also rejected plaintiff's statements for reasons uncontested by plaintiff. For example, plaintiff reported that he went to the emergency room at McKenzie-Willamette Hospital due to "feeling he was having heart attacks" and had been "experiencing depression and anxiety, loneliness, hopelessness, and crying spells, panic attacks, increased sense of stress, and anxious and fearful thoughts" along with sleeping problems. Tr. 513. However, the records provided by McKenzie-Willamette do not support this allegation. Tr. 19, 443, 447-52, 509, 514-526, 527-28. Plaintiff also claimed that he was disabled due to back impairments along with his mental impairments. Tr. 18, 188, 217. However, at the hearing, plaintiff testified that he could lift up to 100 pounds above his head. Tr. 18. Additionally, the ALJ found that the plaintiff did not always take his medications as prescribed. <u>Id.</u> Finally, the ALJ noted the Third Party Function Report of Donna Hampson, whose report did not mention plaintiff's alleged hallucinations and paranoia, despite having known him and working with him for eight years as the volunteer coordinator at Catholic Community Services. Tr. 19, 196-203. Though Ms. Hampson's observations of plaintiff were infrequent, the ALJ found that she identified no "significant limitations in plaintiff's memory, concentration or understanding, nor in his ability to complete

9 - FINDINGS AND RECOMMENDATION

tasks, follow instructions, or get along with others." Tr. 19.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for rejecting plaintiff's subjective symptom statements. The ALJ's credibility finding should be affirmed.

II. <u>Medical Opinion Evidence</u>

Plaintiff argues that the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, for discrediting the diagnoses and opinions of Cynthia Palman, M.D., and Alison Prescott, Ph.D., a treating psychiatrist and an examining psychologist. There are three types of medical opinions in social security cases: those from treating, examining, and non-examining doctors. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must consider all relevant medical evidence and is responsible for resolving any conflicts within it. 20 C.F.R. §§ 404.1527, 416.927; <u>Carmickle</u>, 533 F.3d at 1164.

Dr. Palman opined that plaintiff does relatively well on his medications, and though he experiences delusions, he is able to recognize his symptoms and avoid acting on them. Tr. 656-58. Dr. Palman further concluded that plaintiff's delusional symptoms are fixed and persistent, and by his own reports, has been experiencing these symptoms for so long that it is likely his functioning has been impaired; thus he is unable to maintain full-time employment. <u>Id.</u> The ALJ rejected this opinion as based upon his subjective

10 - FINDINGS AND RECOMMENDATION

allegations, which the ALJ found not credible. As discussed above, the ALJ did not err in concluding that plaintiff's testimony was not credible. Because Dr. Palman mainly based her opinion on plaintiff's inaccurate statement that he had been diagnosed with schizophrenia and his subjective complaints of persistent delusions, the ALJ did not err in rejecting her opinion. Tr. 16, 19, 594. The ALJ can reject a treating physician's opinion if the opinion is premised on the claimant's subjective complaints, and the ALJ has already validly discounted the claimant's complaints. Fair v. Bowen, 885 F.2d 597; Webb v. Barnhart, 433 F.3d at 688.

Additionally, the medical evidence in the record supports the ALJ's determination to give little weight to Dr. Palman's opinion. On July 9, 2012, Dr. Palman reported that plaintiff was doing well on his medications and was able to recognize his symptoms of delusions and actively avoid acting on them. Tr. 20, 657, 660. The ALJ also found that the longitudinal medical record, as discussed above, did not support Dr. Palman's opinion; plaintiff does not contest this reason. Thus, the ALJ did not err in giving little weight to Dr. Palman's opinion.

Dr. Prescott performed a one-time examination on plaintiff to evaluate his mental functioning. Tr. 597-602. Dr. Prescott opined that plaintiff met the criteria for schizo-affective disorder, bipolar type, and depressive episodes due to his psychotic thought processes and paranoid delusions. Tr. 17-18, 602. Dr. Prescott

11 - FINDINGS AND RECOMMENDATION

concluded that plaintiff had marked difficulty understanding, remembering, and carrying out complex instructions. Tr. 18.

Dr. Prescott's assessment was based on plaintiff's self-reports and various tests. Id. As the ALJ noted, plaintiff's reports about his early life to Dr. Prescott differed from other reports in his medical record. Tr. 17. For example, plaintiff reported that his mother had been a drug user who abandoned the family when he was 12 or 13, and was murdered when he was 16. Tr. 17, 597; compare with Tr. 509, 512 (plaintiff reported his mother was murdered when he was four years old); see also Tr. 330, 334, 337, 376 (plaintiff reported his mother was murdered at age 52); see also Def.'s Br. at 16. As discussed above, the ALJ did not err in concluding that plaintiff's statements were not credible and that the longitudinal medical record did not support the recent findings of schizophrenia, bipolar and paranoia. Thus, the ALJ did not err by rejecting the opinion of Dr. Prescott based on her reliance on plaintiff's subjective statements and her limited access to the medical record. Tr. 20.

In sum, the ALJ provided legally sufficient reasons, supported by substantial evidence, for discrediting the medical opinions of Dr. Palman and Dr. Prescott. The ALJ's assessment of the medical opinion evidence should be affirmed.

III. Medical Listing 12.03

Plaintiff argues that the ALJ failed to find that plaintiff

12 - FINDINGS AND RECOMMENDATION

suffers from schizo-affective disorder and failed to consider Listing 12.03, which addresses schizophrenic, paranoid and other psychotic disorders. If a claimant's impairment meets or equals an impairment on the List of Impairments, then the claimant is automatically entitled to disability benefits, regardless of the claimant's ability to work. <u>Celaya v. Comm'r of Soc. Sec. Admin.</u>, 332 F.3d 1177, 1181 (9th Cir. 2003). These listings contain only medical criteria, and the ALJ is not required to state why a claimant did not satisfy every section of the Listing of Impairments. <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th Cir. 1990).

Here, plaintiff's argument relies on his subjective interpretation of the medical evidence and his disagreement with the ALJ's findings that his subjective testimony is not credible. Pl.'s Br. at 9-14. Because the ALJ provided sufficient reasons to reject plaintiff's subjective testimony and the diagnoses rendered by Dr. Palman and Dr. Prescott, the ALJ made no error in failing to consider Listing 12.03. Thus, the ALJ's decision to not consider Listing 12.03 should be affirmed.

## CONCLUSION

For the reasons above, the Commissioner's decision should be AFFIRMED and this case should be DISMISSED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of

13 - FINDINGS AND RECOMMENDATION

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

Dated this ___6___ day of March 2015.

_____
Thomas M. Coffin
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION